# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA ROJAS,<br><br>                 Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                 Respondent. | CASE NOS.  18cv2445-LAB<br>                    17cr337-LAB<br><br>**ORDER DENYING PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [Dkt. 201]** |

On April 4, 2017, pursuant to a plea agreement, Vanessa Rojas pleaded guilty to conspiracy to distribute heroin. On October 10, 2017, she was sentenced to eighty months imprisonment and six years of supervised release. She has now brought a petition to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, arguing that she received ineffective assistance of counsel. Specifically, she alleges that (1) she was not involved in a conspiracy and should not have pleaded guilty to being involved in one; (2) she pleaded guilty to conspiracy to distribute a larger amount of drugs than she was actually responsible for, (3) her counsel should have argued for a minor role reduction at sentencing, and (4) her criminal history score was miscalculated. For the reasons below, Rojas' petition is **DENIED**.

/ / /

/ / /

- 1 -

## I. No Hearing is Necessary

To be entitled to a hearing, petitioner must allege specific facts which, if true, would entitle her to relief. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996). No hearing is required in order to examine vague or conclusory allegations. *Blackledge v. Allison*, 431 U.S. 63, 72–73 (1977); *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). Likewise, under 28 U.S.C. § 2255(b), if the records and files and the motion itself conclusively show that the prisoner is not entitled to relief, no hearing is required.

Having reviewed the record in this case, it is apparent that an evidentiary hearing is unnecessary. Rojas' allegations are vague and conclusory. She alleges that she received bad advice from her counsel, but does not specify what advice she received. She says she was either innocent of the crime or guilty of conspiring to distribute a smaller quantity of drugs than what she pleaded guilty to, but she provides no other details. She says her criminal history at sentencing listed convictions that should not have been listed, but does not specify which convictions were erroneously listed nor how their inclusion affected her sentence. In short, the lack of actual details suggests a hearing would be unnecessary.

## II. Analysis

Rojas' petition seeks relief under Section 2255 on the grounds that her counsel was ineffective. To state a claim for ineffective assistance of counsel, Rojas would have to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must demonstrate that counsel's representation fell below an "objective standard of reasonableness" and that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 694. There is a "strong presumption" that counsel's conduct is reasonable, *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995), and "[r]eview of counsel's performance is highly deferential*." United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir.

1986). For multiple, independent reasons, the Court finds that Rojas did not receive ineffective assistance of counsel.

      a.    **Waiver of Collateral Review**

Rojas entered a knowing and voluntary guilty plea and waived her right to appeal or collaterally attack her sentence. A defendant validly waives her right to appeal or collaterally attack a sentence if the language of the waiver encompasses her right to appeal on the grounds raised and she knowingly and voluntarily agrees to waive those rights. *See United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir.2011). However, a waiver cannot bar a claim that relates to the validity of the waiver itself, such as ineffective assistance of counsel. *See United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994).

The Ninth Circuit has upheld the enforceability of waivers, reasoning that the right to bring a collateral attack is derived by statue, and "[a] knowing and voluntary waiver of a statutory right is enforceable." *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1993). Petitioner's plea agreement explicitly waived the right to collaterally attack her sentence. *See* Dkt. 57 at 10-11 ("Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence . . . . The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel."). Accordingly, pursuant to the plea agreement, Petitioner validly waived all grounds for collateral review except ineffective assistance of counsel.

This waiver extends to at least two of Rojas' newfound arguments: that she was not involved in the conspiracy she pleaded guilty to participating in, and that, if she was, the conspiracy was for a lesser quantity of drugs than she pleaded guilty to distributing. Rojas includes all of her grounds for relief in a single claim for ineffective assistance of counsel. *See* Dkt. 201 at 5. But she cannot shield claims that have little to do with ineffective assistance of counsel, such as actual innocence, from the scope of her waiver simply by placing them under a heading of ineffective assistance. The Court will look past Rojas' labels to the substance of her claims. To the extent she alleges actual innocence

or reduced culpability, she has no standing to collaterally attack her conviction or sentence on those grounds.

In any event, Rojas' new arguments that she is either innocent or less culpable are directly contradicted by statements made under oath during her plea colloquy. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). During her colloquy, Rojas stated under oath that the following facts were true: "there was an agreement between [Rojas] and others to distribute heroin. . . . [Rojas] worked as a heroin distributor for codefendant, Andrea Ball. [Rojas] worked jointly with Ms. Ball to purchase and distribute gram-quantities of heroin in North County, San Diego. . . . [T]he entire conspiracy involved at least one kilogram and more of heroin and this type of quantity and drugs were within the scope of [the] agreement or were reasonably foreseeable to [Rojas]." *See* Dkt. 205-1 at 13:10-21. Accordingly, even if these new challenges were not expressly waived—which they were—they are directly contradicted by her former statements.

### b. Lack of Specificity

Even putting aside the waiver of claims, Rojas' arguments lack sufficient specificity or substance to warrant consideration. A petitioner "must make specific factual allegations which, if true, would entitle him to relief on his claim" in order to withstand summary dismissal on a § 2255 motion. *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir.1990). Rojas does not meet that threshold here.

Rojas' allegations are conclusory at best. As noted above, she claims she pleaded guilty to being involved in a conspiracy that she either was not involved in or that involved a smaller quantity of drugs. She provides no other details from which the Court could infer innocence. She does not state the *actual* amount of drugs or explain why she pleaded guilty to a conspiracy she was not involved in. Rojas also says her "attorney gave [her] advice that was not reasonable." Dkt. 201 at 5. She does not say what advice

she received or provide any context that would allow the Court to infer her assistance was ineffective. Rojas argues that her "criminal history overstated [her] prior record and was miscalculated based on [her] convictions." *Id.* She does not specify which convictions were incorrectly listed, nor how this affected her sentence. In short, Rojas' claims are exactly the kind of conclusory allegations that the law prohibits. For this reason alone, her petition must be summarily denied.

### c. Failure to Appeal

Rojas' claims other than those directly alleging ineffective assistance of counsel are also barred because she failed to raise them on direct appeal. "The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006). A petitioner can overcome this bar only if he or she can show their failure to raise the issue was the result of good cause and resulted in prejudice. *Id.* at 351.

Here, because Rojas did not file a direct appeal, her collateral attack is presumptively invalid. She fails demonstrate in her petition why, if her allegations are true, she failed to timely appeal her conviction or the Court's sentence. Nor does she provide any argument that would support a finding that the conviction or sentence would have been overturned on appeal had she raised these arguments. Her claims other than those directly relating to ineffective assistance of counsel—including her claims of innocence and reduced culpability—are therefore alternatively barred by her failure to raise them on appeal.

### d. No Other Grounds Warrant Relief

Putting aside the various procedural issues with Rojas' petition, it also fails on the merits. Rojas first argues that her attorney did not properly argue for a "minor role" reduction at her sentencing. Dkt. 201 at 5. "A minor participant is substantially less culpable than the average participant. The guidelines recognize that, in some circumstances, a courier may play a minor role, but [ ] simply being a courier does not

automatically entitle a defendant to a minor role adjustment." *United States v. Hurtado*, 760 F.3d 1065, 1068-1069 (9th Cir. 2014) (*overruled on other grounds by United States v. Gasca-Ruiz*, 852 F.3d 1167, 1173-74 (9th Cir. 2017). "The determination of a 'minor role' is heavily dependent upon the facts of the particular case." *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011). Here, even if counsel had requested a minor role reduction, the request was unlikely to be granted. As indicated by her own plea agreement, Rojas was substantially more culpable than a courier, the typical category of defendant who is eligible for a minor role reduction in a drug conspiracy. The text messages and other evidence gathered indicated that Rojas was directly involved in purchasing drugs from co-defendant Andrea Ball and then distributing those drugs. Indeed, her plea agreement stated that Rojas "worked jointly with [Ball] to purchase and distribute gram-quantities of heroin in North County San Diego." Given this level of culpability, the Court was unlikely to have granted a request for a minor role reduction. Rojas fails to show that her counsel's decision not to argue for a minor role reduction was the result of neglect or ineffective assistance of counsel, as opposed to a reasoned strategic decision about how best to advocate for her client. This is especially true in light of what appears from the transcripts to be otherwise zealous advocacy.

Rojas' alternative argument that her criminal history "overstated [her] prior record" and included certain convictions that were not felonies also fails. Dkt. 201 at 5. As noted above, Rojas provides no detail as to how her record was overstated or what specific convictions were improperly considered. In her Sentencing Memorandum, Rojas' counsel argued that her "criminal history category substantially over-represents the seriousness of defendant's criminal history," all of which were non-violent drug offenses. Dkt. 140 at 8. Based on this, Rojas' counsel requested a four-level departure. *Id.* It therefore appears counsel was aware of the scope of Rojas' criminal history and nonetheless argued that it warranted in a downward departure. Absent any showing by Rojas that certain specific convictions were improperly included in the calculation, the Court cannot conclude that this constituted ineffective assistance of counsel.

In any event, the Court is skeptical that Rojas could show prejudice even if she could point to one or more convictions that should not have been included. Conspiracy to distribute heroin carries a mandatory minimum sentence of 120 months in prison, even for defendants with no prior convictions. 21 U.S.C. § 841(a)(1). In this case, Rojas was sentenced to 80 months in prison, which was substantially less than both the mandatory minimum and the government's sentencing recommendation. Accordingly, because Rojas' sentence was below the mandatory minimum even for a defendant with no prior convictions, any erroneous inclusion of previous convictions was likely harmless error.

### III. Conclusion

For the reasons above, Rojas' Petition to Vacate, Set Aside, or Correct her Sentence is **DENIED**. Because she has not made the requisite showing, the Court declines to issue a Certificate of Appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks and citations omitted)).

**IT IS SO ORDERED**.

Dated: January 11, 2019

**H**ONORABLE **L**ARRY **A**LAN **B**URNS
United States District Judge